# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ANTHONY McCOY,

:

    Petitioner,                            Case No. 1:07-cv-018

:          District Judge Michael R. Barrett

    -vs-                                  Chief Magistrate Judge Michael R. Merz

WARDEN, Lebanon Correctional
 Institution,

:

    Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This is a habeas corpus action brought by Petitioner Anthony McCoy to obtain relief from his conviction in the Hamilton County Common Pleas Court.  He pleads the following grounds for relief:

> **Ground One:** Petitioner was deprived of due process of law by being convicted of crimes without sufficient evidence.
>
> **Supporting Facts:** A review of the evidence in this case demonstrates that there is not sufficient evidence to prove each element of each offense beyond a reasonable doubt.  The only "evidence" connecting Petitioner to the case is that fact that he is a black man wearing jeans and a t-shirt. The "identification" testimony was internally disproven and no evidence exists to connect Petitioner to the case.
>
> **Ground Two:** Petitioner was deprive of the effective assistance of counsel at trial in violation of the 6th and 14th Amendments.
>
> **Supporting Facts:** Trial counsel failed to present any defense after promising the jury to do so in opening arguments and failed to even attempt to present any argument or evidence in mitigation at

sentencing, resulting in prejudice to the petitioner.

**Ground Three:** Petitioner was denied due process and equal protection in the state appeal process, violating the 5th and 14th Amendments.

**Supporting Facts:** Appointed appellate counsel presented three assignments of error on appeal, the court of appeals failed to rule on one of the issues (the state law-based sentencing issue) despite the due process requirement to pass upon each properly presented and briefed assignment of error, depriving petitioner of due process and equal protection.

**Ground Four:** Petitioner was denied the effective assistance of counsel on direct appeal, violating the 6th and 14th Amendments.

**Supporting Facts:** Appointed appellate counsel overlooked significant and obvious issues of constitutional magnitude in favor of weak arguments with little or no chance of success, including failing to raise the unconstitutional sentence, failing to raise the confrontation clause issue, and failing to raise the Brady discovery/Fifth Amendment issue regarding the surprise "statement" sprung at trial, in favor of state law-only claims about sentencing, a mainfest [sic] weight claim, an ill-argued sufficiency claim, and an ineffective counsel claim.

**Ground Five:** Petitioner's right to confront adverse witnesses was violation [sic] by hearsay testimony from an out-of-court declarant by a state witness, in violation of the Sixth Amendment.

**Supporting Facts:** At trial, the police officer, Ruberg, testified that he had received a description of the "purple shirt guy" (asserted to be Petitioner) from a witness (Tr. 175) and the state did not produce the witness, depriving Petitioner of the right to confront and cross-examine the witness, whose asserted statement was extremely detrimental to the defense and prejudiced he [sic] results of the proceedings.

**Ground Six:** Appellant's right to due process and a fair trial was violated by the introduction of an alleged statement attributed to him, at trial, which was not disclosed in discovery, prejudicial to the defense.

**Supporting Facts:** The prosecutor, on the morning of the third

scheduled trial date, which had been rescheduled over objection of Petitioner who asserted his speedy trial rights, turned over an alleged statement attributed to Petitioner, exculpatory in nature, claiming that she (the prosecutor) had not received it from the police until the night before. The trial court accepted the explanation, despite the controlling law, and offered a continuance to Petitioner, who had already argued vigorously for the preservation of his speedy trial rights, leaving him with the untenable position of choosing which of his constitutionally guaranteed rights to unwillingly forfeit, and violating his rights to due process and a fair trial.

**Ground Seven:** Petitioner's right to due process and to trial by jury was violated by judicial fact finding of facts not alleged, to enhance his sentence over three times the statutory maximum by proof less than beyond a reasonable doubt, without any notice or opportunity to be heard.

**Supporting Facts:** Ohio law provides that the maximum sentence for multiple felonies, where one is a first degree felony as here, is a single concurrent term totalling [sic] three years, in the absence of additional fact findings. The provisions of Ohio law that permit such fact finding to be made by the trial court without any standard or burden of proof has been determined to be unconstitutional in light of *Blakely v. Washington* (2004) 542 U.S. 296. *State v. Foster* (2006), 109 Ohio St. 3d 1. In this case judicial fact finding of facts not alleged deprived petitioner of notice and opportunity to be head, rendering the resulting sentence, over three times the statutory maximum, void, as well as violative of due process and the right to have facts determined by a jury beyond a reasonable doubt.

(Petition, Doc. No. 1).

## Procedural History

Petitioner was indicted on two counts of trafficking in cocaine, one under Ohio Revised Code § 2925.03(a)(1) and one under Ohio Revised Code § 2925.03(A)(2), along with one count of possessing cocaine in violation of Ohio Revised Code § 2925.11(A). He was convicted by a jury

on all counts and sentenced to the prison term he is now serving.  He raised three assignments of error on direct appeal:

> **First Assignment of Error**: The evidence was insufficient as a matter of law and/or against the manifest weight of the evidence to sustain Appellant's convictions for trafficking in cocaine and possession of cocaine.
>
> **Second Assignment of Error:** Appellant was denied effective assistance of counsel in violation of his constitutional rights thus prejudicing his rights to a fair trial.
>
> **Third Assignment of Error:** The trial court erred as a matter of law by improperly sentencing Appellant.

(Appellant's Brief, Ex. 7 to Return of Writ, Doc. No. 3, at 6-11.)  After the Court of Appeals affirmed the conviction and sentence, he unsuccessfully sought review in the Ohio Supreme Court. When that failed, he filed the instant habeas corpus action.

### First Ground for Relief

In his first Ground for Relief, Petitioner asserts that there was insufficient evidence presented at trial to convict him of these three offenses.  An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *In re Winship*, 397 U.S. 358, 90 S. Ct. 1068, 25 L. Ed. 2d 368  (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders,* 894 F.2d 792, 794 (6th Cir. 1990)(en banc).  In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt.  *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was adopted as a matter of Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E. 2d 492 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.*

This claim was considered on the merits by the First District Court of Appeals. That court held:

> This case involves an incident that occurred on May 11, 2005, near Thirteenth and Vine Streets in downtown Cincinnati. Don Ruberg, an expert in narcotics interdiction, was involved in covert surveillance looking for drug activity. He observed defendant-appellant Anthony McCoy take a man in a purple shirt inside a gated walkway to the side of an apartment building. There McCoy reached toward some mailboxes found underneath wooden steps. He then gave the purple-shirted man a small item that looked like crack cocaine. The purple-shirted man gave McCoy some money, and together they walked out of the gated area to the street. Ruberg testified that this transaction had all the appearances of a crack-cocaine sale.
>
> Ruberg broadcast a description of the purple-shirted man to uniformed police officers. Based upon this description, the police stopped and arrested the purple-shirted man a block from the apartment building. The police found crack cocaine in his pocket. The cocaine was packaged in an ice-cream-stamped baggie. The purple-shirted man said that he had purchased it from a man that matched McCoy's description. Further, the purple-shirted man indicated that his seller had retrieved the baggie from a mailbox inside the gated walkway where Ruberg had observed McCoy.

> Based upon this information and his own observations, Ruberg then broadcast a description of McCoy and his location. The police arrested McCoy after spotting him walking out of the gate, and they recovered ninety-four packaged pieces of crack cocaine from an open mailbox located next to the apartment building. Each package was stamped with an ice cream cone that matched the stamp found on the purple-shirted man's baggie. The crack cocaine in the mailbox had a street value of approximately $1500, and McCoy possessed the key to the mailbox.
>
> McCoy was charged with trafficking in cocaine within the vicinity of a school, possession of cocaine, and trafficking in cocaine. He stipulated that the area of the alleged offenses was within 1000 feet of a school's boundaries. After a trial to a jury, McCoy was convicted of all charges.
>
> To determine the sufficiency of the evidence, we must review the record and determine if a reasonable trier of fact could have found that all the elements of the crimes charged had been proved beyond a reasonable doubt.
>
> We hold that the evidence and testimony outlined above fulfilled the requirements of both the sufficiency . . . evidence test[s]. Accordingly, we overrule the first assignment of error.

(Judgment Entry, Ex. 9 to Return of Writ, Doc. No. 3, at 1-3).

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), a federal court considering a habeas corpus claim which has been ruled on by the state courts must defer to the state court conclusion unless it is contrary to or an unreasonable application of clearly established Supreme Court law. *Terry Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000). Here the First District Court of Appeals applied the Jackson v. Virginia standard, which is the appropriate standard for consideration. In that application, it found that a reasonable trier of fact could have found all the elements of each of these offenses beyond a reasonable doubt from the evidence it recites.

This is the only Ground for Relief on which Petitioner has provided a response to the Return

of Writ. (See Objections, Doc. No. 8) In it Petitioner argues how the jury could have seen the evidence differently and indeed why it should not have believed the State's case. That, however, is not the test. Neither the state Court of Appeals nor this Court is authorized to try the case over, to decide if we are persuaded beyond a reasonable doubt. The test is whether any rational trier of fact could have been so persuaded and Petitioner has not shown why the Court of Appeals decision is an unreasonable application of *Jackson v. Virginia, supra.* Therefore the First Ground for Relief should be denied.

## Second Ground for Relief

In his Second Ground for Relief, Petitioner asserts he received ineffective assistance from his trial attorney. This claim is also preserved for review on the merits because it was presented to the First District Court of Appeals.

The governing standard for effective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 106 S. Ct 2464, 91 L. Ed. 2d 144 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

In his first claim of ineffective assistance of trial counsel, Petitioner faults his trial attorney for not offering evidence that he was from Chicago and was wrongly arrested on his way to a club. However, Petitioner never proffered such evidence to the Ohio courts by way of a petition for post-conviction relief under Ohio Revised Code § 2953.21 and the facts were obviously not in the record on direct appeal. Thus Petitioner has not shown how this omission prejudiced him or indeed what the evidence would have been. In his second claim, he asserts his trial attorney did not introduce any mitigating evidence, but he similarly has not shown what evidence was available.

Therefore the Second Ground for Relief should be denied on the merits.

### Third Ground for Relief

In his Third Ground for Relief, Petitioner asserts he was denied due process of law when the Court of Appeals failed to rule on his Third Assignment of Error to the effect that he was improperly sentenced. As Respondent notes, that is factually incorrect. The Court of Appeals ruled that the third assignment of error had been waived. Under Ohio law, failure to complain of the sentencing procedure at the time of sentencing waives that claim on appeal. *State v. Payne,* 114 Ohio St. 3d 502, 2007-Ohio-4642 (2007).

In any event, a criminal defendant has no federal constitutional right to a ruling on every assignment of error because there is no general federal constitutional right to any appeal. *McKane v. Durston*, 153 U.S. 684, 38 L. Ed. 867, 14 S. Ct. 913 (1894), cited as still good law in *Lopez v. Wilson,* 426 F.3d 339, 355 (6th Cir. 2005). "Due process does not require a State to provide appellate process at all." *Goeke v. Branch*, 514 U.S. 115, 120 (1995).

### Fourth Ground for Relief

In his Fourth Ground for Relief, Petitioner alleges he received ineffective assistance of appellate counsel failed to raise the unconstitutional sentence, failed to raise the confrontation clause issue, and failed to raise the Brady discovery/Fifth Amendment issue regarding the surprise "statement" sprung at trial.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985); *Penson v. Ohio*, 488 U.S. 75, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988). Counsel must be appointed on appeal of right for indigent criminal defendants. *Douglas v. California*, 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811 (1963); *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967); *United States v. Cronic,* 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). The right to counsel is limited to the first appeal as of right. *Ross v. Moffitt*, 417 U.S. 600, 94 S. Ct. 2437, 41 L. Ed. 2d 341 (1974). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259 (2000); *Burger v. Kemp,* 483 U.S. 776, 107 S. Ct. 3114, 97 L. Ed. 2d 638 (1987). The attorney need not advance every argument, regardless of merit, urged by the appellant. *Jones v. Barnes*, 463 U.S. 745, 103 S. Ct. 3308, 77 L. Ed. 2d 987 (1983)("Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." 463 U.S. 751-52). Effective appellate advocacy is rarely characterized by presenting every non-frivolous argument which can be made. *See Smith v. Murray*, 477 U.S. 527, 106 S. Ct. 2661, 91 L. Ed. 2d 434 (1986). However, failure to raise an issue can amount to ineffective assistance. *McFarland v. Yukins*, 356 F.3d 688 (6th Cir. 2004), *citing Joshua v. Dewitt,* 341 F.3d 430, 441 (6th Cir. 2003); *Lucas v. O'Dea*, 179 F.3d 412, 419 (6th Cir. 1999); and *Mapes v. Coyle,* 171 F.3d 408, 427-29 (6th Cir. 1999).

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d

674(6th Cir. 2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Counsels' failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that appellate counsel ignored issues [which] are clearly stronger than those presented. *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

Petitioner's claim that his sentence is unconstitutional could not have been heard on direct appeal because it had not been raised in the trial court. As noted above, the Ohio Supreme Court has expressly held that sentencing issues not raised in the trial court cannot be raised on appeal. Since the issued could not have been heard, it was not ineffective assistance of appellate counsel to fail to raise it.

Petitioner's claim that he received ineffective assistance of appellate counsel because his Confrontation Clause claim was not raised on direct appeal is also without merit. Officer Ruberg did not repeat the out-of-court statement of Officer Powell, but merely characterized it as a "detailed description of the seller." While Petitioner was entitled to confront Ruberg on that testimony, he was not entitled to confront someone who did not actually provide testimony. In other words, whatever description Office Powell gave was not itself admitted in evidence. Thus it was not ineffective assistance of appellate counsel to fail to make this claim.

Finally, Petitioner characterizes disclosure on the morning of trial of a statement of his

-11-

admitting to possession of the cocaine in the mailboxes that Officer Ruberg testified to as a "Brady discovery/Fifth Amendment issue." However, there is no violation of *Brady* in failure to disclose an inculpatory statement or evidence of which the defendant was already aware. There is no doubt the statement was inculpatory rather than exculpatory and there is no doubt Petitioner knew of the statement when he made it. (Of course, he may have forgotten or he may contend that the statement was fabricated, but those are different matters, not implicating *Brady*.) Since there was no Brady issue to argue, it was not ineffective assistance of appellate counsel to fail to raise this claim.

## Procedural Default

Respondent asserts that Petitioner's Fifth, Sixth, and Seventh Grounds for Relief have been forfeited by his procedural default in presenting them to the state courts.

The standard for evaluating a procedural default defense is as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he could not raise in state court because of procedural default.

*Wainwright v. Sykes*, 433 U.S. 72, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S. Ct. 2497, 53 L. Ed. 2d 594 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822, 9 L. Ed. 2d 837 (1963).

As Respondent notes, these three claims were never raised in the First District Court of Appeals. Although Petitioner included them in his attempted appeal to the Ohio Supreme Court, that court will not consider constitutional claims not raised first in the courts of appeals. *State v. Phillips*, 27 Ohio St. 2d 294, 272 N.E. 2d 347 (1971). Had the Ohio Supreme Court taken the case at all, there is every reason to expect it would have enforced its rule against considering claims not raised below. *Simpson v. Sparkman*, 94 F.3d 199 (6th Cir. 1996).

## Conclusion

All of Petitioner's Grounds for Relief are without merit or barred from merit consideration by his procedural default in presenting them to the state courts. The Petition should therefore be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 21, 2007.

s/ **Michael R. Merz**<br>Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).